IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N F O R M A T I O N |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:18 CR 742 |
| | ) | Title 18, Section 1343, |
| LAUREN B. WOLF, | ) | United States Code |
| Defendant. | ) | JUDGE LIOI |

General Allegations

At all times material and relevant to this Information:

Defendant and her Business Entities

1. Defendant LAUREN B. WOLF ("WOLF") was a resident of Chagrin Falls, Ohio located within the Northern District of Ohio, Eastern Division.

2. During February 2016, WOLF established and caused to be established Sustainable Coatings, Inc. ("SCI"), an Ohio corporation. WOLF was the President and on the Board of Directors for SCI from approximately February 2016 through January 2017. Prior to being the President of SCI, WOLF was the owner of Sustainable Coatings, Ltd., an Ohio Limited Liability Corporation, that converted to SCI.

3. SCI held an account at KeyBank. The deposits of this bank were insured by the Federal Deposit Insurance Corporation ("FDIC"), a federal government agency that insured bank deposits against substantial losses with the two-fold aim of preventing a bank's collapse and instilling public confidence in the nation's banking system.

4. WOLF held an account under the name Wolf Business and Financial Solutions ("WBFS") at KeyBank. The deposits of this bank were insured by the FDIC.

The Scheme to Defraud Investors

5. From in or around January 2016 and continuing through in or around November 2016, WOLF solicited investments in SCI on a "private placement" basis in which WOLF gave investors cognovit promissory notes with a conversion feature. The conversion feature required WOLF to issue the investors $1,000 shares of preferred stock once SCI's incorporation was filed and recorded by the Secretary of State of Ohio.

6. WOLF gave investors J.H., A.H., and P.H., individuals whose identities are known, $300,000 worth of cognovit promissory notes in exchange for their investment in SCI in or around January 2016.

7. WOLF devised a scheme to defraud investors by inducing them to invest in SCI through materially false and fraudulent misrepresentations and omissions of material fact about: (1) SCI's ownership of paint coating technology; (2) SCI's ability to fulfill sales orders; and (3) the nature and disposition of the investor's money. Such material misrepresentations and omissions included, but were not limited to the following:

  a. From in or around January 2016 through November 2016, WOLF represented to investors that SCI had sole ownership rights to manufacture and sell the paint coating product, when in fact, WOLF knew the ownership rights to the paint coating product belonged to a third party individual, and SCI did not have exclusive rights to manufacture, market, and sell the product.

  b. From in or around January 2016 through November 2016, WOLF represented to investors that investment proceeds were to be applied solely and exclusively to costs associated with the manufacturing and sale of the

    paint coating product to a specific SCI customer, when in fact, WOLF knew no manufacturing and sale of the paint coating product took place and the funds were used by WOLF personally.

  c. From in or around January 2016 through November 2016, WOLF misrepresented to investors the financial condition of SCI and provided false financial statements to the investors that concealed WOLF's personal use of the investor's funds.

8. WOLF misappropriated the investor funds while continuing to make false encouraging statements and/or excuses about the progress of SCI, and using the investor funds for personal use.

9. WOLF had control over the bank accounts associated with SCI and from which investor funds were misappropriated by WOLF.

10. On or about January 25, 2016, WOLF deposited and caused to be deposited $100,000 into the SCI bank account, KeyBank account number x2824, that she received from an investor in SCI known as J.H.

11. J.H. did not authorize WOLF to use J.H.'s investment funds to pay personal expenditures unrelated to SCI.

12. On or about January 25, 2016, WOLF deposited and caused to be deposited $100,000 into the SCI bank account, KeyBank account number x2824, that she received from an investor in SCI known as A.H.

13. A.H. did not authorize WOLF to use A.H.'s investment funds to pay personal expenditures unrelated to SCI.

14. On or about February 1, 2016, WOLF deposited and caused to be deposited $100,000 into the SCI bank account, KeyBank account number x2824, that she received from an investor in SCI known as P.H.

15. P.H. did not authorize WOLF to use P.H.'s investment funds to pay personal expenditures unrelated to SCI.

16. From in or around January 2016 and continuing through November 2016, WOLF made and caused to be made five transactions totaling $943.42 from SCI's KeyBank account x2824 for cash withdrawals, and personal expenditures. Investors J.H., A.H., and P.H did not authorize these transactions.

17. From in or around January 2016 and continuing through November 2016, WOLF made and caused to be made 39 bank transfers totaling $106,465 from SCI's KeyBank account x2824 to her WBFS KeyBank account x2345 which, subsequently, was used for cash withdrawals, and personal expenditures. Investors J.H., A.H., and P.H did not authorize these transactions.

COUNT 1
(Wire Fraud, in violation of 18 U.S.C. § 1343)

The United States Attorney charges:

18. The factual allegations of paragraphs 1 through 17 of this Information are realleged and incorporated by reference as though fully set forth herein.

The Scheme to Defraud

19. From in or around January 2016 and continuing to in or around November 2016, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant LAUREN B. WOLF devised and intended to devise a scheme and artifice to defraud and obtain money, and property from investors, by means of false and fraudulent pretenses, representations, promises,

4

and material omissions. As a result of the foregoing scheme, the investors suffered a loss of $300,000.

## The Use of Interstate Wire Communications

20. On or about January 25, 2016, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant LAUREN B. WOLF for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, to wit: an investor known as J.H. sent a wire transfer of $100,000 from J.H's bank account located in Pittsburgh, Pennsylvania to SCI's KeyBank account controlled by Wolf, in violation of Title 18, United States Code, Section 1343.

JUSTIN E. HERDMAN
United States Attorney

By: *Michael L. Collyer*
Michael L. Collyer, Chief
White Collar Crimes Unit