IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.: 1:18-CR-00742** |
| | ) | |
| **vs.** | ) | **JUDGE: SARA LIOI** |
| | ) | |
| **LAUREN WOLF** | ) | |

### SENTENCING MEMORANDUM

    Now comes Defendant, Lauren Wolf, by and through her undersigned counsel, Catherine Meehan, who hereby submits this Sentencing Memorandum setting forth factors for the Court's consideration in determining an appropriate sentence that is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. 3553(a). Moreover, Defendant respectfully moves this Honorable Court to depart downward pursuant to Federal Sentencing Guidelines Manual §5H1.4 and to issue an appropriate sentence in Zone B of the sentencing table.

    The overriding purposes of sentencing are "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. 3552 (a)(2). While the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," the Guidelines are only one of the factors to be considered when imposing a sentence. *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007).

This Honorable Court should consider the possibility that a Guideline sentence will actually prevent imposition of the minimum sentence necessary to achieve goals of sentencing anticipated by application of § 3553(a) of the Federal Sentencing Guidelines Manual. "The sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States* 551 U.S. 338, 351, 127, S.Ct. 2456, 168 L.Ed.2d 203 (2007) (citing *Booker v. United States* 543, U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.) The district court is "free to make its own reasonable application of the § 3552(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 113, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (Scalia, J. concurring).  Should this Honorable Court deviate from the proposed Guidelines by placing Defendant in Zone B, her sentence could be served by a period of probation including a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention. Federal Sentencing Guidelines Manual § 5B1.1 (2018).

Deviating downward to Zone B and placing Defendant on a period of probation would be an adequate punishment for the underlying offense. Defendant will have certain restrictions to comply with if placed on probation. These restrictions will likely cause significant hardships but will be sufficient to demonstrate to Defendant that her conduct is not tolerable, thus deterring future crime. Placing Defendant on a period of probation will also allow her to be employed so that she can repay restitution to the victims. In this case, a sentence of probation is appropriate for Defendant when considering the underlying purposes of sentencing. A period of probation will provide just punishment for the offense and will serve as an adequate deterrent for any future criminal conduct. A period of probation will also protect the public from further crimes of Defendant.

Defendant has a number of mitigating factors that should be taken into account when determining an appropriate sentence: (1) Defendant's conduct here is an aberration in what was otherwise a law abiding life; (2) during the pendency of this matter Defendant has been cooperative

with the government; (3) Defendant remained free on conditions without issue; (4) Defendant's age (63); and (6) Defendant's physical and mental condition.

Pursuant to §5H1.4 of the Federal Sentencing Guidelines, physical condition may be relevant in determining whether a departure is warranted, and an extraordinary physical impairment may be a reason to depart downward. Defendant is sixty-three (63) years old and not in good health. She suffers from various physical and mental health issues. Defendant is currently under the care of a neurologist due to a seizure disorder. She has suffered from epilepsy since 2008, with a most recent diagnosis of Nonintractable Epilepsy on March 14, 2018. Defendant has also undergone two knee replacements in 2016 and a rotator cuff surgery in February 2019. She is still under the Care of several doctors including Dr. Janet Morgan, Dr. Hampton, her surgeon, and Dr. Craciun, her neurologist. Defendant was also diagnosed with anxiety, depression and post-traumatic stress disorder. She is currently prescribed various medications for her disorders, including venlafaxine for anxiety, clonazepam for epilepsy, carbamazepine for nerve pain, and trazadone for depression. All of these factors are grounds for a downward departure in this case.

Overall, Defendant has been overwhelmed by the humiliation, and damage her actions have caused, and wants to do everything she can to remedy her wrongs. Defendant makes absolutely no excuse for her behavior in this case. She is ashamed and embarrassed by her conduct and takes full responsibility for her actions. She is hopeful that the victims can be made whole and can one day forgive her for her dishonesty and deceit. Defendant has the support of her family and friends to encourage a law-abiding lifestyle. She values her relationship with her husband who continues to provide her support and guidance on staying on the right path.  A sentence in Zone B will be sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. 3353(a).

Wherefore, Defendant prays this Honorable Court, deviate downward and impose a sentence in Zone B so that her sentence can be served by a period of probation including a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention.

Respectfully submitted,

**PATITUCE & ASSOCIATES, L.L.C.**

 /s/ Catherine Meehan
Catherine Meehan (#0088275)
26777 Lorain Road, Suite 1
North Olmsted, Ohio 44070
(440) 471-7784 (Phone)
(440) 398-0536 (Fax)
attorney@patitucelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Sentencing Memorandum has been forwarded to all parties via the clerk's office electronic filing on the 8th day of May, 2019.

/s/ Catherine Meehan
Catherine Meehan (#088275)